JONES
*vs.*
EVERMAN
AND WIFE.

---

## Jones *vs.* Everman and Wife.

APPEAL FROM MONTGOMERY CIRCUIT.

1. The execution of a note to one as administrator is *prima facie* evidence that the consideration was assets of the estate of the intestate. (1 *B. Monroe,* 61.) On the execution of such a note the

*Margin note:* ORD. PET. Case 17.

obligor has no right to require a settlement of the individual lia-
bilities of the administrator; and hence it affords no presumption
that such accounts were adjusted upon the execution of a note to
the administrator.

2. Yet, if an administratrix make a debt due the intestate her own by
charging herself with it, and afterwards sue in conjunction with
her husband in her own personal right, the defendant may rely
upon the individual account of the administratrix as a set-off.

The facts of the case appear in the opinion of the
court.

*K. & S. F. Farrow,* for appellant—

To this suit, in the name of Everman and wife
against Jones, the defendant answered, relying upon
a set-off to the demand for $678 50, executed to Mrs.
Everman whilst sole, as the administratrix of the
estate of William Wren, deceased. The set-off re-,
lied upon is for boarding the administratrix from 1843
to 1852. The statute of limitation, and that there
was no agreement to pay board, is relied upon in
the reply to the set-off. The proof was that plain-
tiff said she was not dependent, and expected to pay
$50 per year for board.

The first instruction was erroneous in basing the
liability of plaintiff on her express agreement to pay
board. No express contract is necessary in such
cases; liability may arise from implication arising
on the facts proved.

*Hazlerigg and Peters,* for appellee—

The set-off should not have been allowed:

1. Because the evidence does not sustain the ac-
count plead as a set-off.

2. Because the greater part of it is barred by lim-
itation. (3 *Bibb*, 349 ; 3 *Marshall*, 245.)

3. The debt sued for was due to the appellee in
her representative character, and therefore the set-off
against her individually cannot be available. (1
*Marshall*, 19.) But the execution of a note between
parties implies a settlement of previous accounts be-

tween the same parties. (2 *McChord's Ch'y Rep.* 11, 15 ; *Ross vs. Darby*, 4 *Monroe*, 428.)

We ask an affirmance.

Judge SIMPSON delivered the opinion of the Court—

This action was brought by Everman and wife against Jones, on a note which he had executed to the wife, as the administratrix of William Wren, deceased, before her marriage with the plaintif, Everman.

The defendant set up and relied upon, by way of set-off, an account against the wife for board and maintenance furnished her prior to her marriage.

Upon the trial the court instructed the jury "that the note sued on was *prima facie* evidence that the defendant's account had been settled up to the date of the note, and the burthen of proof to show that it was not, was upon the defendant."

This instruction we deem erroneous. The execution of a note to a person, as administratrix or administrator, is *prima facie* evidence that the assets of the intestate constitutes its consideration. (*Williams &c. vs. Collins &c.* 1 *B. Monroe*, 61.) In the execution of such a note the obligor has no right to demand a settlement of the individual liabilities of the administrator. Such a right might conflict with the proper discharge of his duties, by preventing a legal administration of the assets. As the payer of the note has no right to demand an abatement of its amount, at the time of its execution, on account of any debt, which the administrator in his individual capacity may owe him, it follows as a necessary consequence that no presumption can arise that any such claims had been then settled by the parties.

But although a note executed to an administratrix as such must be regarded *prima facie* as assets of the intestate, yet as the administratrix may have made it her own property, by charging herself or being charged in a settlement with the amount of it, and as she has elected, in conjunction with her husband, to

1. The execution of a note to one as administrator is *prima facie* evidence that the consideration was assets of the estate of the intestate. (1 *B. Monroe*, 61.) On the execution of such a note the obligor has no right to require a settlement of the individual liabilities of the administrator; and hence it affords no presumption that such accounts were adjusted upon the execution of a note to the administrator.

2. Yet, if an administratrix make a debt due the intestate her own by charging herself with

it, and after-
wards sue in
conjunction with
her husband in
her own person-
al right, the de-
fendant may re-
ly upon the in-
dividual account
of the adminis-
tratrix as a set-
off.

sue on it in her own personal right, and thereby treat it as her own, the defendant might rely upon the individual account of the wife as a set off; the effect of which defense could only be avoided by allegation and proof on the part of the plaintiff that the note sued on still continued to be legal assets.

The other instructions given to the jury are unobjectionable; but for the error indicated the judgment must be reversed.

Wherefore, the judgment is reversed, and cause remanded for a new trial in conformity with this opinion.